UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
Jaswinder Singh,

       Petitioner,

  - against -

james T. Wilson, in official capacity as
SDDO Newark, New Jersey, Field Office
Director, et al.,

       Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. CV-09-1677

(Amon., J.)

RESPONDENTS' MEMORANDUM OF LAW
IN OPPOSITION TO THE PETITION FOR A
<u>WRIT OF HABEAS CORPUS</u>

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
Attorney for the Respondents
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

DIONE M. ENEA
Special Assistant United States Attorney
    (Of Counsel)

## PRELIMINARY STATEMENT

The Respondents submit this memorandum in opposition to the petition for a writ of habeas corpus filed by Petitioner Jaswinder Singh ("Singh"), a native and citizen of India. Singh petitions this Court under 28 U.S.C. § 2241, and seeks his immediate release from the physical custody of United States Immigration and Customs Enforcement ("ICE"). This Court, however, lacks jurisdiction to consider Singh's challenge to ICE's authority to detain him pending the completion of his removal proceedings.

Singh is currently being held at the Middlesex County Jail ("MCJ") in New Brunswick, New Jersey. The warden of the MCJ is Singh's immediate custodian and the only proper respondent for purposes Singh's habeas challenge to his physical custody. This Court lacks territorial jurisdiction over the warden of the MCJ and should thus transfer this case to the United States District Court for the District of New Jersey.

## STATEMENT OF THE CASE

Singh is a native and citizen of India who entered the United States on or about January 4, 2006. ICE has placed Singh in removal proceedings pursuant to section 240 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1229a. Singh has been in ICE custody since March 24, 2009, and on April 9, 2009, the immigration court in Newark, New Jersey denied Singh's application for bond. Singh thus remains detained at MCJ in New Jersey pending the completion of his removal proceedings.

ARGUMENT

SINGH'S PETITION CHALLENGING HIS DETENTION SHOULD BE TRANSFERRED BECAUSE THIS COURT LACKS TERRITORIAL JURISDICTION OVER SINGH'S IMMEDIATE CUSTODIAN

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Moreover, Congress has declared that such writs granted by a district court "shall be directed to the person having custody of the person detained." Id. § 2243. It thus follows that "the court issuing the writ must have jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

The only proper respondent to the petition at bar is the official who has direct responsibility for decisions regarding Singhs's custody status. That immediate custodian the warden of the MCJ, where Singh is currently being held . This Court lacks territorial jurisdiction over the warden of the MCJ, who is located in New Brunswick, New Jersey   .

The Supreme Court's decision in Padilla v. Rumsfeld, 542 U.S. 426 (2004), is controlling in this case, as the only issue before the Court is Singh's challenge to his detention pending the final outcome of his removal proceedings. See id. at 438 (recognizing that, where a petitioner objects to the legality of his anticipated future physical custody , the proper respondent in such a "core habeas petition" is not the petitioner's immediate custodian but the authority that has lodged the detainer) (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 (1973)).   The Padilla Court set forth a bright-line rule for such "core habeas petitions" that challenge a prisoner's physical confinement.  See Padilla, 542 U.S. at 434-35, 442. Specifically, the Supreme Court held that jurisdiction over such claims "lies only in one district: the district of confinement," and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney

3

General or some other remote supervisory official." Id.  The Court further held that § 2241 limits the issuance of writs to custodians who are within a district court's territorial jurisdiction. See id. at 442-47.  Thus, the only court that may consider Singh's challenge to his physical custody is the United States District Court for the District of New Jersey.

Although the United States Court of Appeals for the Second Circuit has not addressed the application of Padilla to aliens detained pending their removal from the United States, this Court has previously held that Padilla requires aliens in ICE custody to file habeas petitions challenging their detention in the district of their confinement.  See Foncette v. ICE, No. 05-CV-3218, 2005 WL 2334374, at *2 (E.D.N.Y Sept. 23, 2005) (Amon, J.) (holding that Padilla required an alien's habeas challenge to his detention pending his removal proceedings to be transferred to the Eastern District of Pennsylvania, where he was confined).[1]  Singh is not, and has never been, detained in this district.

---

[1] This Court's opinion in Foncette is in accordance with the holdings of many other courts within this circuit regarding Padilla's application to aliens in custody pending their removal from the United States.  See Castellanos v. Mukasey, No. 08-2583, 2008 WL 4185700, at *3 (E.D.N.Y. Sept. 8, 2008) (Feuerstein, J.) (pursuant to Padilla, transferring petition challenging ICE custody to New Jersey, where the petitioner was detained); Jiang Xue Qiang v. INS, No. 05-CV-1878, 2006 WL 1026710, at *1 (E.D.N.Y. Apr. 12, 2006) (Townes, J.) (applying Padilla to hold that a petitioner challenging his "immediate physical detention" pending his deportation may bring his case "only . . . in the district of confinement"); King v. Ashcroft, No. CV-02-3847, 2005 WL 503936, at *2-3 (E.D.N.Y. Mar. 3, 2005) (Gleeson, J.) (holding that Padilla applies to an alien's challenge to his present physical custody); Deng v. Garcia, No. 04-CV-2032, 2005 WL 94643, at *2-3 (E.D.N.Y. Jan. 15, 2005) (Garaufis, J.) ("[B]ecause . . . the petition challenges only [the petitioner's] immediate physical detention, rather than the underlying decision . . . to deport him . . . [he] has presented a 'core habeas petition' which must be addressed to his immediate custodian."); Shenaz v. Ashcroft, 04-CV-2578, 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004) (applying Padilla to an alien's challenge to her physical confinement pending the outcome of her removal proceedings); see also Excellent v. Gonzales, No. 04-CV-9748, 2006 WL 238986, at *1 (S.D.N.Y. Jan. 31, 2006) (holding that Padilla required an alien's habeas challenge to his detention pending his removal proceedings to be transferred to the District of New Jersey, where he was being confined); Drakoulis v. Ashcroft, No. CV-03-0397, 2005 WL 366977, at *3 (S.D.N.Y. Feb. 16, 2005) (transferring the case to the district of the petitioner's confinement under Padilla because "the substance of the . . . petition is simply to challenge petitioner's immediate confinement" rather than

Accordingly, this Court does not have jurisdiction to consider Singh's claims regarding his physical confinement.[2]

---

his underlying immigration order).

[2]   The Respondents note that Singh's constitutional challenge to his detention pending the final outcome of his removal proceedings is without merit.  Section 236(a) of the INA, 8 U.S.C. §1226(a), permits ICE, in its discretion, to detain an alien "pending a decision on whether the alien is to be removed from the United States."  Singh's detention is not mandatory, c.f. Demore v. Kim, 538 U.S. 510, 531 (2003) (recognizing that "[d]etention during removal proceedings is a constitutionally permissible part of that process" and holding that the mandatory detention of criminal aliens under INA § 236(c), 8 U.S.C. § 1226(c), pending the final outcome of their removal proceedings does not violate due process), and Singh has been provided with an individualized bond hearing.  The immigration judge's decision to not grant Singh's release on bond is not subject to judicial review.  See INA § 236(e), 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); see also Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) (stating that "discretionary decisions granting or denying bond [under 236(a)] are not subject to judicial review").

CONCLUSION

For the foregoing reasons, the Respondents respectfully request that this Court transfer the petition for a writ of habeas corpus to the District of New Jersey.

Dated: Brooklyn, New York
       May 11, 2009

                                                         Respectfully submitted,

                                                         BENTON J. CAMPBELL
                                                         United States Attorney
                                                          Eastern District of New York
                                                         Attorney for the Respondents
                                                          271 Cadman Plaza East, 7th Floor
                                                          Brooklyn, New York 11201

DIONE M. ENEA
Special Assistant United States Attorney
       (Of Counsel)

# **D E C L A R A T I O N**

Dione M. Enea hereby declares and states as follows:

That on the 11th day of May, 2009, I caused a copy of the following document(s) to be mailed:

**-RESPONDENTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PETITION FOR A WRIT OF HABEAS CORPUS**
of which the annexed is a true copy, contained in a securely enclosed postpaid wrapper directed to the person(s) at the place(s) and address(es) as follows:

Karamvir S. Dahiya, Esq.
Attorney for the Petitioner
325 Broadway, Suite 304
New York, New York 10007

The undersigned affirms under penalty of perjury that the foregoing statements are true.

Dated: Brooklyn, New York
May 11, 2009

_____
Dione M. Enea