UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X  Civil Action
                                                                                    No. CV-09-1677

JASWINDER SINGH,

                              Petitioner,


-against-


JAMES T. WILSON, et al.,


                              Respondent.

---------------------------------------------------------X


**A brief reply note to the opposition of the government.**

The Petitioner through his counsel Karamvir S. Dahiya of Dahiya Law Offices LLC respectfully respond as follows to the objection of the government to the habeas relief:

Proper Respondent Issue:

1.    Contrary to what government has urged, the relief habeas is not limited to place of Petitioner's confinement.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95(1973).

2.    Habeas Jurisdiction is proper even if the custodian is not physically present in the district as long as the custodian is within reach of the

        court's process under International Shoe standards.  Strait v. Laird, 406 U.S. 341, 345 (1972).

3.     In Rumsfeld v. Padilla case, the Supreme Court while noting the split in the lower courts regarding the proper custodian in immigration matters clearly declined to apply 'immediate custodian rule' to immigration custody. Rumsfeld, 121 S.Ct. at 2718 n.8

4.     In a post Padilla case, it was found that Attorney General or Secretary of Department of Homeland Security was the proper respondent and that the government had nwaived objection to personal jurisdiction. See Nolasco v. U.S. , 358 F. Supp.2d 224, 231-34 (S.D.N.Y 2004).

5.     In a matter before this district it was again held post-Padilla, that the Attorney General remains the proper custodian for habeas purposes. Somir vs. US 354 F.Supp. 2d 215, 216-18(EDNY 2005).

6.     Habeas relief/case is not limited in a territorial sense, as long as there could be a personal jurisdiction on the authorities. In the matter of Campbell v. Ganger, a post-Padilla it was held that Field Director of Immigraiton and Customs Enforcement whose office is in the Southern District of New York may nevertheless be sued in the Eastern District of New York. 353 F. supp. 2d 332, 336-38(EDNY 2004).

7.     In a post-Padilla case, venue was found to be proper in the Eastern District of New York despite petitioner's detention in New Jersey. Somir v. U.S. 354 F. Supp. 2d 215, 218-19 (EDNY 2005).

8.     In Padilla, the majority held that the immediate custodian rule is not a mater of subject matter jurisdiction, but of venue and personal jurisdiction. Padilla, 124 S.Ct at 2728.  IN So v. Reno 251 F.Supp.2d

    1112, 1126-27 (EDNY 2003) the district court, citing Braden and Mojica v. Reno, 970 F. Supp. 130, 167-68 (EDNY 1997) stated that because no venue statute exists for habeas, the court must rely on the traditional consideration for determining venue including: (1) the location where material events took place, (2) where records and witnesses pertinent to the claim are likely to be found, (3) the convenience of the forum for respondent and petitioner and, (4) the familiarty fo the court with the applicable law."  So at 1126

9. Attorney General was found to be proper custodian and venue proper in New York despite respondent's detention in Florida because immigration relief was granted in New York.  See Walters v. Aschcroft, 291 F. Supp. 2d 237, 241-44 (SDNY 2003).

10. Jurisdiction over habeas corpus petitions exists where the petitioner's custodian can be reached by service of process from the court in which the petition has been brought.  Rasul v. Bush, 542 U.S. 466 (2004)

11. It has been held in this district that in the absence of a venue statute for habeas, general venue principles apply and Petitioner's detention in Oakdale, La. Does not bar venue in Eastern District of New York where issue does not involve personal appearance.  Clavis v. Ashcroft, 281 F. Supp. 2d 490, 492-93 (EDNY 2003).

12. Venue was found to be proper in Connecticut, though the person was confined in Oakdale, La, for the removal proceedings had started in Connecticut.  Barnaby v. Reno 127 F. Supp. 2d 322 324-25 (D. Conn. 2001)

13. Jaswinder's removal started upon referral of an asylum officer operating from Eastern District of New York  to the Immigration Courts

operating from 26 Federal Plaza, New York New York. All immigration matters of the Eastern District of New York are referred to Immigration Courts operating from Manhattan.

14. In a matter of this district, which was affirmed by the Second Circuit (242 F.3d 367 (2nd Cir. 2000), jurisdiction was found be in Eastern District of New York, though district director was in New Orleans. Pottinger v. Reno 51 F. Supp. 2d 349, 356-57 (EDNY. 1999)

15. It was held in this district that there is nothing in Section 2443 which expressly prohibits habeas brought against the Attorney General where personal service (through state long-arm statute) can be brought against the AG.  See Nwankwo v. Reno, 828 F. Supp. 171 (EDNY 1993).

16.  Furthermore, although the Second Circuit also has declined formally to hold that naming the Attorney General is proper in alien habeas petitions,  see Henderson, 157 F.3d at 124, its lengthy analysis of the 'extraordinary and pervasive role' is supportive of this Court's conclusion that the Attorney General could be a proper party.

17. It is pertinent reproducing the decision rendered in 2009 by Judge Baer of Southern District of New York  (which dismissed the issue of Padilla application to an habeas brought by an alien in New York, though the Petitioner was confined in a different state. The Government had urged dismissal stating that owing to Padilla, that court had no jurisdiction. *FAREZ-ESPINOZA v. CHERTOFF, 08 CIV. 11060, SDNY Decided 01/28/09*

> *"The unique role that the Attorney General plays in immigration matters may be taken to suggest that [he] may be a proper*

4

*respondent in alien habeas cases. Congress has consistently designated the Attorney General as the legal custodian of the petitioners [under 8 U.S.C. §1226(e)(1)]...Similarly, the Attorney General is named as proper respondent in most court actions reviewing the legality of removal orders... There is also no question that the* **Attorney General has the power to produce the petitioners, remains the ultimate decision maker as to matters concerning the INS,...and is commonly designated a respondent in these cases**, *even when personal jurisdiction over the immediate custodian clearly lies. In this respect, the extraordinary and pervasive role that the Attorney General plays in immigration matters is virtually unique. Thus, the Attorney General continues to be in complete charge of the proceedings leading up to the order directing the removal of aliens from the country and has complete discretion to decide whether or not removal shall be directed. Id. at 125-26 (internal quotation marks and alterations omitted) (emphasis added); see also Somir, 354 F. Supp. 2d at 217-18 (finding Attorney General is custodian of aliens due to 'the near total control exercised by the Attorney General over aliens facing exclusion and deportation proceedings'). Therefore, this Court finds, along with numerous other courts in this District, that the United States Attorney General is a proper respondent in immigration cases where the petitioner challenges her detention under the immigration laws. See, e.g., Somir v. United States, 354 F. Supp. 2d 215, 217 (E.D.N.Y. 2005); Batista-Taveras v. Ashcroft, No. 03 Civ. 1968 (LAK), 2004 WL 2149095, at\*6 (S.D.N.Y. Sept. 23, 2004); Garcia-Rivas v. Ashcroft, No. 04 Civ. 292 (NRB), 2004 WL 1534156, at\*2 (S.D.N.Y. July 7, 2004); Bell v. Ashcroft, 03 Civ. 0766 (HB), 2003 U.S. Dist. LEXIS 18425, at\*10 (S.D.N.Y. Oct. 15, 2003) (concluding same, pre-Padilla). Due to his comparable level of oversight over ICE and the deportation process and removal determinations, I also find that the Secretary of DHS is likewise a proper respondent to Farez Espinoza's petition. See Armentero v. I.N.S., 412 F.3d 1088 (9th Cir. 2005) (Berzon, J., dissenting) (finding that the proper respondent for habeas petition must be someone who has authority over the detention of the*

*prisoner, and that in the immigration context, this authority often lies with the Attorney General or Secretary of DHS). Because Farez-Espinoza is being held by the Government-- i.e., the Attorney General and DHS--and not the warden of the prison in which Farez-Espinoza currently is detained, I find that Respondents Secretary Chertoff and Attorney General Mukasey are properly named in the instant petition. See Serna v. Sec'y of the Dep't of Homeland Sec., No. 06cv305 (JBA), 2006 U.S. Dist. LEXIS 40317, at\*8 (D. Conn. June 19, 2006) ('[U]nlike the 'core' situation of a prisoner challenging a conviction or pre-trial detention, naming the warden of the facility where [petitioner] is currently incarcerated would not serve the purpose of the immediate custodian rule because if named as respondent, the warden would have to look to BICE for authority to release petitioner from detention as petitioner is held in that facility only on the authority of a BICE detainer. A federal respondent is thus necessary to the adjudication of Serna's petition').*"

18. On the issue of Venue the Judge Baer held that:

"*Having determined that the Respondents are properly named in the petition, I turn to the Government's argument, also apparently premised on the Supreme Court's ruling in Padilla, that venue is not proper in this district. See Reyes-Cardenas, No. 05 cv 5687 (KMW)(RLE), 2007 WL 1290141, at\*5 (S.D.N.Y. Apr. 30, 2007); Somir, 354 F. Supp. 2d at 218-19. Again, the* **<u>Government's reliance on Padilla is misplaced.</u>** *The Supreme Court held in Padilla that '[t]he plain language of the habeas statute...confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.' 542 U.S. at 443 (emphasis added). The 'plain language' to which the Padilla Court referred to §2241(a), which provides that district courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. §2241. However, the holding in Padilla, by its own terms, is limited to core habeas petitions.* **<u>Habeas proceedings involving aliens detained pending removal are not core habeas proceedings; therefore, the holding in Padilla is inapposite here.</u>** *See Reyes-*

6

*Cardenas, 2007 WL 1290141 at\*4; Campbell v. Ganter, 353 F. Supp. 2d 332, 337 (E.D.N.Y. 2004).*

*Rather, it is 'traditional principles of venue' that govern alien habeas cases. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493 (1973); cf. Armentero, 412 F.3d at 1099, 1101 (Berzon, J., dissenting) ('Padilla left Braden intact' with respect to the venue analysis); see also Henderson, 157 F.3d at 127. The federal venue statute, 28 U.S.C. §1391(e) states:*

*[a] civil action in which a defendant is an officer or employee of the United States...may...be brought in any judicial jurisdiction in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.*

*In determining whether venue is proper in a particular district, a court must consider the following factors: (1) where all material events took place; (2) where records and witnesses pertinent to the petitioner's claim are likely to be found; and (3) the relative convenience of the forum for the parties. Henderson, 157 F.3d at 128 n.25 (citing Braden, 410 U.S. at 493-94); see also Leroy v. Great Western United Corp., 443 U.S. 173, 186-87 (1979) (noting that the convenience of the defendants and the location of evidence and witnesses are relevant in determining appropriate venue); Somir, 354 F. Supp. 2d at 218-19 (declining to transfer venue to district where petitioner alien was detained because the Eastern District of New York was where he had lived with his family until he was detained, the conduct and activities relevant to the proceedings occurred there, potential witnesses were located there, and the issues underlying the petition had been briefed to that court); compare King v. Gonzales, 02 cv 3847 (JG), 2005 U.S. Dist. LEXIS 20342, at\*11-12 (E.D.N.Y. Aug. 16, 2005) (finding venue improper when removal proceedings and events related to detention took place in a different district than where habeas petition was brought)."*

18.     In this case, traditional principles of venue favor a finding that venue is proper in this district. Policy considerations and the underlying concept of fair

7

play also support this proposition. The key events and circumstances leading to removal proceedings of the Jaswinder happened in this district.  Jaswinder asylum claim was derivatively processed by the asylum officer operating from this district. Jaswinder asylum claim as tagged along with his mother is pending in Southern District of New York. All immigration asylum referrals from Eastern District are sent to Southern District of New York. All material witnesses to his case are in this district.   There are no records of immigration that are to be transferred to the New York. Everything is already here.  The detention in New Jersey by Immigration authorities has nothing to do with the pending criminal case there.

19.     Jaswinder is not being detained under INA § 236 (c).   He is being  illegally detained under INA § 236(a). Jaswinder is not challenging the constitutionality of INA §236 (a), but its application here to his situation.   Section 236 (a) is clear about what it says, however the arrest warrants (as issued here) and continued detention is out of scope of 8 USC 1226 (a) or INA §236 (a).

The relevant Section 1226 under which Jaswinder is being held states that (a) says:  Arrest, detention, and release

On a warrant issued by the Attorney General, an <u>alien may be arrested and detained</u> **pending a decision** on **whether the alien is to be removed** from the United States. Except as provided in subsection (c) of this section and **pending such decision**, the Attorney General—

(1) may continue to detain the arrested alien; and
(2) may release the alien on—
(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
(B) conditional parole…

8

It is clear that the Attorney General could arrest an alien, however once the arrest has been carried out, the alien could be detained **ONLY AS LONG AS THE DETEMINATION REGARDING NATURE OF FUTURE COURSE OF ACTION IS NOT MADE—IT IS NOT DETERMINATION OF REMOVBILITY BY THE IMMIGRATION JUDGE—IT IS WHETHER ALIEN HAS TO BE REFERRED TO IMMIGRATION PROCEEDINGS.** The Attorney General could arrest and determine the future action regarding the alien, however once he has taken an action, then the continued arrest under 236 (a) is not tenable and is ultra vires under this proviso.  Jaswinder arrest warrants says that he violated the laws i.e. he overstayed.  However, Jaswinder has not violated the stay in this country, for there is no unlawful presence against him.  A bonafide asylum application tolls the accrual of unlawful presence.  Once the Attorney General had come know the real status of Jaswinder, he should have been released unless there was some other independent arrest warrants against him.  Here, the Attorney General had already put Jaswinder in removal proceedings. Attorney General is not taking nor deciding future course of action regarding Jaswinder now.  His confinement is not warranted or legal anymore.

Here Plain meaning rule, a statutory construction,  dictates that statutes are to be interpreted using the ordinary meaning of the language of the statute unless a statute explicitly defines some of its terms otherwise.

"It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole  function of the courts is to enforce it according to its terms."   Mr. Justice Day, in Caminetti v. United States, 242 U.S. 470, 485-486 (1917).

One cannot read §236(a) liberally in government's favor as it affects the freedom of individual and is to be narrowly construed.

9

Government citation of Demore v. Kim, 538 U.S. 510, 531 (2003) is again not proper here, for court only talked about section 236 (c) detention that too, the court stated cannot be indefinite.  Jaswinder unlawful detention is under §236 (a).  §236(e) does not grant unfettered powers to Attorney General, as has been made clear in many a decision of the courts.

20.    The case of Foncette v. ICE, as cited by the government is inapposite, for there was no connection of the Petitioner in that case to New York other then an assertion that the wanted to reside in New York upon his release.  Here on the other, Jaswinder entire immigration proceedings have happened here and are continuing.  In this matter cited by the government, the Petitioner was not in any proceedings here in New York.  It was solely based on the fact that he intended to live in New York upon his release. But the stakes are higher in Jaswinder case and issues are very different.

21.    Jail Warden of Middlesex County Jail, Brunswick is not the immediate custodian, as he is not there pursuant to order and control of Warden, it is the Attorney General.

22.    Jail warden has no power over Jaswinder, it is only the Attorney General that exercise all power over him.  The power to release, bond or parole—all vests with the Attorney General.

23.     Further this detention in New Jersey is not permanent, the Immigration and customs enforcement establishes constellations of the detention center and on a routine basis, the detainees are moved around the country.  So the jail warden keeps changing, but there is one authority which does not change and which directs all this i.e. the Attorney General.

Wherefore, it is requested that government objection to venue, jurisdiction etc. be overruled.

Dated: June 8, 2009
New York New York

                             Sincerely:*Karamvir dahiya*
                             Karamvir S. Dahiya, for Petitioner