Dahiya Law Offices LLC
325 Broadway Suite 304
New York New York 10007
Tel: 212 766 8000

May 18, 2009

HON. JUDGE MS. TERRY BAIN
UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
NEW YORK, NEW YORK

A-94-816-650
KAUR LAKHWINDER
~~SINGH, JASWINDER~~
A 94 816 651 Respondent.

Your honor:

I received the attached motion to transfer the change the venue last week. Ex. A

I prepared a response in opposition to the motion for change of venue. Ex. B.

The movant had made the motion returnable on July 7, 2009 ("Scheduled Hearing Date: July 7, 2009). Ex. A.

8 CFR §1003.20 speaks clearly that impacted party shall be accorded an opportunity to be heard.

No opportunity was granted here.  The Due Process Rights of the respondents have been violated. It is respectfully requested that the order transferring the case be recalled with immediate effect to avoid miscarriage of justice.  In my affirmation in opposition to the motion to change the venue, I have elucidated points in support of our position.  Than you for your consideration.

Your sincerely,

Karamvir S. Dahiya, Esq.

COPY TO: MS. ANGELA MARRA Asst. Chief Counsel
US DHS-ICE
26 Federal Plaza, Room No. 1130
New York New York 10278

1- 13

Angela Marra
Assistant Chief Counsel
U.S. DHS – ICE
26 Federal Plaza, Room 1130
New York, NY  10278

**DETAINED**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
26 FEDERAL PLAZA
ROOM 1237
NEW YORK, NY  10278

| | |
|---|---|
| IN THE MATTER OF : | |
| SINGH, Jaswinder : | File No. A94 816 651 |
| In removal proceedings : | |

Immigration Judge Terry Bain

Scheduled Hearing Date: July 7, 2009

**DEPARTMENT OF HOMELAND SECURITY'S MOTION TO CHANGE VENUE**

a-13

## TABLE OF CONTENTS

1. Motion to Change Venue
2. Immigration Judge's Order Denying Bond

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
NEW YORK, NEW YORK

| | |
|---|---|
| IN THE MATTER OF | : |
| SINGH, Jaswinder | : A94 816 651 |
| RESPONDENT | : |

## U.S. DEPARTMENT OF HOMELAND SECURITY'S MOTION TO CHANGE VENUE

Pursuant to 8 C.F.R. §1003.20(b), the Department of Homeland Security, through its undersigned attorney, respectfully requests that this Court change venue in the above-referenced proceeding from New York, New York to Newark, New Jersey as the respondent currently is in DHS custody in that jurisdiction.

The respondent previously was scheduled for an individual hearing at Federal Plaza on April 8, 2009. He was unable to attend the hearing because he was detained. The respondent's attorney indicated that the respondent was scheduled for a bond hearing on April 9, 2009 before Immigration Judge Susan Roy, and that he expected the respondent to be granted a bond. IJ Roy denied bond and the respondent remains detained.

**Wherefore**, the Department respectfully requests that this Court grants its motion to change venue to Newark, New Jersey.

Respectfully submitted,

Angela Marra
Angela Marra
Assistant Chief Counsel, DHS/ICE
New York District
Dated: May 8, 2009

4-13

Department of Homeland Security
Immigration and Customs Enforcement

Notice to EOIR: Alien Address

Date: March 24, 2009

To:   Office of the Immigration Judge, EOIR
      970 Broad Street, Room 1135
      Newark, NJ 07102

From: Field Office Director / Deportation and Removal
      970 Broad Street
      Newark, NJ 07102

Respondent: SINGH, JASWINDER     Number: **A94 816 651**

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

His/her anticipated release date is.

**SUBJECT'S NEXT COURT DATE IS FOR 4/8/09 IN NEW YORK**

☒ Detained by ICE on: 3/24/09 at:
      **ESSEX County Jail**
      354 DOREMUS AVENUE
      Newark, NJ 07105

☐ Detained by ICE and transferred on            to:

☐ Released from ICE custody on the following condition(s):
   ☐ Order of Supervision or Own Recognizance (Form I-220A)
   ☐ Bond in the amount of
   ☐ Removed, Deported, or Excluded
   ☐ Other

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:

☐ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official: **Raymond Ortiz, Deportation Officer**

Form I-830 (Rev.4/26/99) N

S-13

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEWARK, NJ

FILE: A094-816-651

IN THE MATTER OF:

SINGH, JASWINDER

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of respondent pursuant to 8 CFR 236.1(c), and full consideration having been given to the representations of the Department of Homeland Security and the respondent, it is hereby

__✓__ ORDERED that the request for a change in custody status be denied.

_____ ORDERED that the request be granted and that respondent be:

_____ released from custody on his own recognizance

_____ released from custody under bond of $_____

_____ OTHER _____

Copy of this decision has been served on the respondent and the Department of Homeland Security.

APPEAL: waived - (reserved) by Respondent

NEWARK -- NEWARK, NEW JERSEY

Date: Apr 9, 2009

Appeal due:
May 11, 2009

_____
SUSAN G. ROY
Immigration Judge

XS

SINGH, Jaswinder
A94 816 651

## CERTIFICATE OF SERVICE

On May 8, 2009, I, Angela Marra, served a copy of this submission to Karamuir Dahiya, Esq. at 325 Broadway, Suite 304, New York, NY 10007, by placing it in my office's outgoing mail box.

*Angela Marra*
Angela Marra

7-13

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
NEW YORK, NEW YORK

NDH-July 7, 2009

----------------------------------------------------------------X   A 94 816 651
IN THE MATTER

SINGH, JASWINDER

        Respondent.

----------------------------------------------------------------X

### AFFIRMATION IN OPPOSITION TO THE CHANGE OF VENUE

KARAMVIR S. DAHIYA of Dahiya Law Offices LLC, respectfully submit the following in opposition to the motion for change of venue.

1. This motion is legally untenable and has no reasoning under the statutory provision of the 8 CFR and as well as Fifth and Sixth Amendment of the United States Constitution.

2. Government had already made this request earlier which was denied.

3. The government ignores the statutory mandate of 8 CFR §1003.19 (d). That section is amply clear, there is no symbiotic benefit that could accrue to either the respondent or the government by bifurcating the pending family asylum proceeding and moving respondent on a solitary track.

4. New Jersey court does not have any jurisdiction on this matter other then the provision related with the bond hearing.

8-13   1

5. Bond hearing is a totally distinct hearing from other proceedings 8 CFR §1003.19 (d).

6. Bond hearing jurisdiction is specifically carved out and it does not depend on the underlying immigration action.

7. Where does the venue lies to start with?

    a. The venue of proceedings generally lies with the Immigration Court where jurisdiction vests pursuant to 8 C.F.R. § 1003.14.

    b. Under §1003.14 of 8 CFR, jurisdiction vests with the Immigration Court when the Notice to Appear or charging document is filed consistent with INA § 239(a) [8 U.S.C.A. § 1229(a)] with the Court by Immigration and Customs Enforcement (ICE).

8. Why should there be change of venue? Venue could be changed only if "Interest of Justice" calls for it. For instance, an NTA could have been filed at place where the alien is put into proceedings, however, if that alien is seeking asylum and there are witnesses in that case, or if he has family members, he could move to change the venue, for he will be able to have material evidence produced, witness requested and thus the administration of the process would not be cumbersome for either of the parties. In this case the respondent has already been put into proceedings and his asylum is pending here. All the material witnesses and evidence is here in New York.

9. Here in this case, NTA was properly filed with the New York Immigration Court.

2

10. The Change of Venue application must be supported by a "Good Cause." There must be establishment of a good cause for change of venue, by the movant. Here the movant is the government and the reason attributed is that the respondent is detained in New Jersey. That is not a good cause to move. It could be a factor only if the respondent is independently moving for a relief—which he is not. The respondent is vicariously interested in the asylum relief. He is a MINOR category beneficiary! He is a derivative beneficiary of his mother's pending asylum case. Respondent presence in the pending case has been excused by the Immigration Judge. Just because a bond has been denied in a case does not mean that the underlying asylum case would be referred to that Immigration Court of New Jersey.

11. Change of Venue demands that the movant come up with a "Good Cause." What is the good cause? It must be a material cause and must be something that is quintessential both on procedural and substantive front. Here, the fact that the case has already gone on for so long, the Judge is well seized with the facts of the case, the case has already advanced to higher level of adjudication. It would not be in interest of justice to start de-novo about the derivative asylum relief of the respondent. Further, it makes no sense at all—respondent continues to be a minor for asylum adjudication and his asylum relief is based on his mothers entitlements.

12. "Good Cause" is further determined by balancing such factors administrative convenience, alien's residence (residence prior to arrest is Richmond Hill New York), location of witnesses (Present in Richmond Hill New York), evidence and counsel (Both in New York), expeditious treatment of case (Case is already pending for more then 2 years and the caes is uniquely tied to respondent mothers claim) and

1043  3

cost of transporting witnesses and evidence to new location. See Monter v. Gonzales, CA 22005, 430 F.3d 546.

13. What proceedings could be bifurcated? Only those ones that are or could be handled independently? Here is one mother and her two children—to split the proceedings and start a new one of the respondent is not prudent.

14. Rahman Case is very instructive of the issues to be considered for effectuating a change of venue, the considerations could hinge on, inter alia: administrative convenience; expeditious treatment of the case; location of witnesses; cost of transporting witnesses or evidence to a new location; and provision of the address where the respondent can be reached. If one parse through this considerations, one would wonder as to what the Government is trying to say here by asking transfer of a minor case to New Jersey. 20 I&N Dec. 480, 1992 WL 195808 (B.I.A. 1992).

15. Like an alien is not allowed to do forum shopping, Government too is bound by the same philosophy. Here it is clear that the Third Circuit is a very conservative court and its immigration courts are known for pro-government relief. Government wants the main asylum case to be split and respondent be dealt separately. Government cannot do forum shopping as a private litigant is not allowed to do. See, generally, 28 U.S.C.A. § 1404 (general change of venue statute governing federal civil actions); Menowitz v. Brown, 991 F.2d 36, Fed. Sec. L. Rep. (CCH) P 97393 (2d Cir. 1993) (rejected on other grounds by, Matter of United Mine Workers of America Employee Ben. Plans Litigation, 854 F. Supp. 914 (D.D.C. 1994)) (no litigant has a right to have interpretation of one federal court rather than another to determine his case).

16. Even on a scale of convenience of parties, New York venue must not be changed. It is convenience of the parties. Ferens v. John Deere Co., 494 U.S. 516, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990) (mandating that venue transfer decisions under 28 U.S.C.A. § 1404(a)—general change of venue statute governing federal civil actions — turn solely upon considerations of convenience to the parties). Here it is more convenient for

17. Just because the respondent is in custody in New Jersey, it does not establish a reason in itself to change the venue. Balancing equities, the length of the duration of the case already pending in New York, the presence of witnesses etc. here in New York mandates that this court continue with the proceeding.

18. The court must not only find a cause, it must find a "Good Cause" and the government has not even established a cause.

19. Here the change of venue has been requested to defeat the present habeas petition pending in the Eastern District of New York. In this habeas, reason given for venue is that, the respondent has a pending asylum relief here in New York. The Government by removing the case to New Jersey is strengthening their claim to get the habeas petition transferred.

20. Chevron deference (Chevron, U.S.A., Inc. v. Natural Resources Defense Council 467 U.S. 837 (1984) equally applies to the government and they are bound by their own regulations. The regulations are clear that the bond hearing is distinct, it does not the need the entire case to be there. The case has already been gone into detail by this court and in interest of justice this case must stay here

5

Wherefore, looking at the equities of the case and provisions related to bond etc., this request for venue change must be denied forthwith.

Dated: May 13, 2009
Brooklyn New York

_____
Karamvir S. Dahiya, Esq. for Jaswinder

Copy to: Ms. Angela Marra
Assistant Chief Cousel
New York District
26 Federal Plaza Room 1130
New York NY 10278

13   6